Christopher J. Dalton, Esq.
Lauren J. Glozzy, Esq.
BUCHANAN INGERSOLL & ROONEY PC
Incorporated in Pennsylvania
550 Broad Street, Suite 810
Newark, New Jersey 07102
973-273-9800
*Attorneys for Defendant,*
  *The Nielsen Company US LLC*

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| KIMBERLY STURMAN, | Civil Action No. _____ |
| Plaintiff, | **NOTICE OF REMOVAL** |
| v. | |
| THE NIELSEN COMPANY US LLC, HOMERO MONROY, JOHN DOES 1-5 AND 6-10, Jointly, Severally, and/or in the Alternative. | |
| Defendant. | |

PLEASE TAKE NOTICE that Defendant The Nielsen Company US LLC ("Nielsen" or "Defendant"), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 and fully reserving all defenses, by and through its undersigned attorneys, hereby removes to this Court the above-styled action, filed in the Superior Court of New Jersey, Law Division, Ocean County, bearing Docket No. OCN-L-001731-19.

In support of this Notice, Nielsen states as follows:

**PROCEDURAL HISTORY AND VENUE**

1.   On July 10, 2019, plaintiff Kimberly Sturman commenced an action in the Superior Court of New Jersey, Law Division, Ocean County, Docket No. OCN-L-001731-19.

Pursuant to 28 U.S.C. § 1446(a), copies of all process and pleadings initially served upon Nielsen are attached as **Exhibit A** to the Declaration of Christopher J. Dalton, Esq. in Support of Removal ("Dalton Decl."), submitted and filed herewith.

2.  Nielsen received copies of the Summons and Complaint on July 12, 2019. *See* Dalton Decl., ¶ 4; **Exhibit A**. Accordingly, removal is timely because Nielsen filed it within thirty (30) days of its receipt of copies of the Summons and Complaint in this matter. 28 U.S.C. § 1446(b).

3.  Ocean County is embraced by the United States District Court for the District of New Jersey; therefore, this action is properly removed to the Trenton Vicinage of the United States District Court for the District of New Jersey. See 28 U.S.C. §§ 110, 1391(b)(2), and 1441(a).

4.  Pursuant to 28 U.S.C. § 1446(d), copies of this Notice of Removal will be served upon counsel for Plaintiff and filed with the Clerk of the Superior Court of New Jersey, Law Division, Ocean County, as an exhibit to a Notice of Filing of Notice of Removal.

## COMPLAINT ALLEGATIONS

5.  The Complaint alleges that Nielsen violated the New Jersey Law Against Discrimination ("LAD"), N.J.S.A. 10:5-1 et seq., based on Plaintiff's claim that she was discriminated against and subjected to a hostile work environment because of her status as a single mother, and that she was retaliated against for complaining of that alleged discrimination. (Dalton Decl., **Exhibit A** at ¶¶ 104-138). A plaintiff may maintain a civil action for LAD violations within two (2) years from the date on which the alleged discrimination occurred. *Delgado v. Raritan Bay Med. Ctr.*, 624 Fed. Appx. 812, 814 (3d Cir. 2015); *see also Montells v. Haynes*, 133 N.J. 282, 627 (1993).

6. Nielsen disputes the Complaint in its entirety, including all factual and legal allegations and prayers for relief.

## JUSTIFICATION FOR REMOVAL

7. This Court has original jurisdiction and this action is properly removable pursuant 28 U.S.C. § 1332 (a). The amount in controversy exceeds $75,000.00. Additionally, while Plaintiff is a citizen of New Jersey, neither Nielsen nor Defendant Homero Monroy is a citizen of New Jersey.

8. **Diversity:** Diversity of citizenship exists where the controversy "is between citizens of different States…" *See* 28 U.S.C. §§ 1332(a)(1). This requirement is satisfied. Plaintiff is a citizen of the State of New Jersey. (Dalton Decl., **Exhibit A** at ¶ 1). Nielsen is incorporated in Delaware and has its principal place of business in New York. (Dalton Decl., ¶ 6; *see also* Dalton Decl., **Exhibit A** at ¶ 2). Under 28 U.S.C. § 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." Nielsen is therefore a New York citizen. Defendant Homero Monroy is a citizen of Pennsylvania, residing in Yardley, Pennsylvania.[1] In other words, unlike Plaintiff, neither Nielsen nor Homero is a citizen of New Jersey.

9. **Amount in Controversy:** Plaintiff's claims can be aggregated to determine if the amount in controversy exceeds the required "sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. §§ 1332(a). Under the LAD, a plaintiff is entitled to compensation for lost wages and benefits, punitive damages, and attorneys' fees. N.J.S.A. 10:5-3, 10:5-27.1. Here, Plaintiff seeks to recover compensatory damages for past and future loss of income and benefits. (Dalton Decl., **Exhibit A**, ¶ 141). Nielsen's records indicate that Plaintiff had annualized

---

[1] The Complaint inaccurately states, upon information and belief, that Defendant Homero Monroy is a resident of New Jersey.

3

earnings of approximately $128,000 during her employment with Nielsen and was terminated on or around October 17, 2018. (Dalton Decl., ¶ 8). As such, Plaintiff will seek economic damages exceeding $75,000, based on the length of time that has passed since her termination. In addition, Plaintiff seeks punitive damages (Dalton Decl., **Exhibit A**, ¶ 143); costs of suit (Dalton Decl., **Exhibit A**, ¶ 143); and attorneys' fees (Dalton Decl., **Exhibit A**, ¶ 143). *Suber v. Chrysler Corp.*, 104 F.3d 578, 585 (3d Cir. 1997) ("attorney's fees are necessarily part of the amount in controversy if such fees are available to successful plaintiffs under the statutory cause of action."). Accordingly, the amount in controversy exceeds $75,000. *See Dart Cherokee Basin Operating Co., LLC v. Owens,* 135 U.S. 547 (2014) (holding that under 28 U.S.C. § 1446(a), a defendant's notice of removal only needs to include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold, and does not require evidentiary submissions). Therefore, removal is proper because the amount in controversy between the parties exceeds the amount required under 28 U.S.C. §§ 1332(a).

## **RESERVATIONS**

10. For the purpose of this removal application, Nielsen does not concede to the merits of Plaintiff's Complaint.

11. Nielsen reserves all defenses.

12. Nielsen reserves the right to amend or supplement this Notice of Removal if needed.

13. As to this matter, no further proceedings have been had in the Superior Court of New Jersey, Law Division, Ocean County.

WHEREFORE, Defendant gives notice that the above-detailed action filed in the Superior Court of New Jersey, Law Division, Ocean County is properly removed to this Court.

        **BUCHANAN INGERSOLL & ROONEY PC**
        *Attorneys for The Nielsen Company US LLC*

        *s/ Christopher J. Dalton*
        Christopher J. Dalton

Dated: August 8, 2019

### CERTIFICATE OF SERVICE

On this date, I caused copies of the foregoing Notice of Removal and Declaration of Christopher J. Dalton, Esq. with its annexed Exhibit, to be served by ECF upon:

        Toni L. Telles, Esq.
        LAW OFFICES OF ERIC A. SHORE
        Four Echelon Plaza – 8th Floor
        201 Laurel Road
        Voorhees, New Jersey 08043
        *Attorneys for Plaintiff*

        */s/ Christopher J. Dalton*
        Christopher J. Dalton

Dated: August 8, 2019